UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KATARZYNA CICHON                                             CV

                        Plaintiff,

          v.                                                COMPLAINT

ARELESS REALTY, LLC,  IHOP FRANCHISOR             JURY TRIAL REQUESTED
LLC AND BRONX PANCAKES, INC.

                        Defendants.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff Katarzyna Cichon (hereafter referred to as "Plaintiff"), by counsel,

Parker Hanski LLC, as and for the Complaint in this action against Defendants Areless

Realty, LLC,  IHOP Franchisor LLC and Bronx Pancakes, Inc. (together referred to as

"Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.          This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses

to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and

its implementing regulations, the New York State Human Rights Law ("NYSHRL"),

Article 15 of the New York State Executive Law ("Executive Law"), the New York State

Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law

("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code").  As explained more fully below, Defendants own, lease, lease

to, franchise, operate, and/or control a place of public accommodation that violates the

above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, Plaintiff Katarzyna Cichon has been and remains currently a resident of the State of New York.

6.    At all times relevant to this action, Plaintiff Katarzyna Cichon has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.    Defendant Areless Realty, LLC owns the property located at 4340 Boston Post Road in Bronx County, New York (hereinafter referred to as "4340 Boston Post Road").

8.    Defendant IHOP Franchisor LLC, as franchisor, franchises a restaurant under the "IHOP" and/or "International House of Pancakes" names to Bronx Pancakes, Inc., as franchisee, pursuant to a franchise agreement.

9.    At all relevant times, defendant Bronx Pancakes, Inc. leases property located at 4340 Boston Post Road from the defendant Areless Realty, LLC (hereinafter referred to as the "IHOP" premises) to operate as an IHOP restaurant.

10.    Upon information and belief, Areless Realty, LLC and Bronx Pancakes, Inc. have a written lease agreement.

11.    Each defendant is licensed to and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12.    Each of the Defendants is a public accommodation as they own, lease, lease to, control, franchise, and/ or operate a place of public accommodation, the IHOP premises located at 4340 Boston Post Road, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and/or the NYCHRL (Administrative Code § 8-102).

13.    The IHOP premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL

(Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

14.     Numerous architectural barriers exist at the IHOP premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

15.     Upon information and belief, at some time after January 1992, alterations were made to 4340 Boston Post Road, including areas adjacent and/or attached to 4340 Boston Post Road.

16.     Upon information and belief, at some time after January 1992, alterations were made to the IHOP premises, and to areas of 4340 Boston Post Road related to the IHOP premises.

17.     Within the past three years of filing this action, Plaintiff attempted to and desired to access the IHOP premises.

18.     The services, features, elements and spaces of the IHOP premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

19.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the

Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the IHOP premises that are open and available to the public.

20.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

21.     Upon information and belief, barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the IHOP premises as well as architectural barriers that exist include, but are not limited to, the following:

> I       There is no accessible route from the sidewalk to the IHOP public entrance.
> *Defendants fail to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*
>
> II      The route from the sidewalk to the IHOP public entrance slopes in excess of 5.0% and has cross slopes in excess of 2.0%.
> *Defendants fail to provide accessible routes that are stable, firm and slip resistant with running slopes not more than five percent (1:20) and cross slopes not more than two percent (1:48).  See 1991 ADA § 4.3.1; 2010 ADA § 403.1;1968 Ref Std § 4.3.1; 2008 Ref Std § 403.1; and 2014 Ref Std § 403.1.*
>
> III     The parking spaces labeled as accessible are not accessible.
> *Defendants fail to provide the minimum required number of accessible parking spaces. See 1991 ADA § 4.1.2(5); 2010 ADA § 208.2; 1968 BC §*

*27-292.19; 1968 BC Reference Standard RS 4-6; 2008 BC §1106.1; and §2014 BC § 1106.1.*

IV       The parking spaces labeled as accessible at the IHOP have slopes and cross slopes in excess of 2.0%.
*Defendants fail to provide accessible parking spaces and/or access aisles that are level with slopes not more than 1:48 (2.0%) and without changes in level. See 1991 ADA § 4.6.3; 2010 ADA § 502.4; 2008 Ref Std §502.5; and 2014 Ref Std §502.5.*

V       The parking spaces labeled as accessible at the IHOP are not provided with a 60-inch-wide access aisle.
*Defendants fail to provide accessible car parking spaces with access aisle that are at least 60 inches wide. See 1991 ADA § 4.6.3; 2010 ADA §502.3.1; 1968 Ref Std § 4.6.2; 2008 Ref Std § 502.4.2; and 2014 Ref Std § 502.4.2.*

VI       There are no van accessible parking spaces.
*Defendants fail to provide the minimum required number of accessible van parking spaces. See 1991 ADA § 4.1.2(5)(b); 2010 ADA § 208.2.4; 1968 BC § 27-459.1; 2008 BC § 1106.5; and 2014 BC § 1106.5.*
*Defendants fail to provide accessible van parking spaces that are at least 132 inches wide. See 1991 ADA § 4.6.3; and 2010 ADA § 502.2.*
*Defendants fail to provide access aisles that are at least 96 inches wide. See 1991 ADA § 4.1.2(5)(b); and 1968 BC Reference Standard RS 4-6.*

VII       The parking spaces labeled as accessible at the IHOP lack the correct signage displaying the International Symbol of Accessibility.
*Defendants fail to provide signage displaying the International Symbol of Accessibility at accessible parking spaces.  See 1991 ADA § 4.6.4; 2010 ADA § 502.6; 1968 BC § 27-292.19; 2008 Ref Std § 502.7; and 2014 Ref Std § 502.7.*

VIII       There is no accessible route to/from the parking spaces labeled as accessible at the IHOP to/from the IHOP public entrance.
*Defendants fail to provide an accessible route within the site from accessible parking and accessible passenger loading zones to the building entrance. Defendants fail to provide an accessible route within the site from accessible parking and accessible passenger loading zones to the building entrance. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC § 27-292.5; 2008 BC §§ 1104.1 and 1104.2; and 2014 BC §§ 1104.1 and 1104.2.*

IX       The curb ramp near the IHOP public entrance has flairs that slope in excess of 10.0%.

*Defendants fail to provide accessible curb ramps with flares that are not steeper than 1:10 (10.0%). See 1991 ADA § 4.7.5; 2010 ADA § 406.3; 1968 Ref Std §4.7.5; 2008 Ref Std § 406.3; and 2014 Ref Std § 406.3.*

X      The curb ramp near the IHOP public entrance lacks a level top landing of sufficient size.
*Defendants fail to provide accessible curb ramps with the required landings at the tops. See 1991 ADA § 4.8.4; 2010 ADA § 406.4, 1968 Ref Std § 4.8.4; 2008 Ref Std § 406.7; and 2014 Ref Std § 406.7.*

XI      The curb ramp near the IHOP public entrance slope in excess of 8.33%.
*Defendants fail to provide running slopes that are not steeper than 1:12 (8.33%) at curb ramps. See 1991 ADA § 4.8.2; 2010 ADA § 405.2; 1968 Ref Std § 4.8.2; 2008 Ref Std § 405.2; and 2014 Ref Std § 405.2.*

XII     The IHOP exterior public entrance doorway lacks level maneuvering clearances at the pull side of the doorway due to a trash receptacle.
*Defendants fail to provide an accessible door with level maneuvering clearances.  See the 1991 ADA §4.13.6; 2010 ADA §404.2.4; 1968 Ref Std §4.13.6; 2008 Ref. Std §404.2.3; and the 2014 Ref Std § 404.2.3.*

XIII    There are less than 48 inches between the two doors in a series at the IHOP public entrance vestibule.
*At two doors in a series (or a vestibule), Defendants fail to provide a level floor area that is 48 inches between the two doors plus the width of doors swinging into the space. See 1991 ADA § 4.13.7; 2010 ADA § 404.2.6; 1968 Ref Std § 4.13.7; 2008 Ref Std § 404.2.5; and 2014 Ref Std § 404.2.5.*

XIV     There is no room for a turning space between the two doors in a series at the IHOP public entrance vestibule.
*At two doors in a series (or a vestibule), Defendants fail to provide a level tuning space between the two doors. See 2008 Ref Std § 404.2.5; and 2014 Ref Std § 404.2.5.*

XV      The IHOP interior public entrance doorway lacks level maneuvering clearances at the push side of the doorway due to a bench.
*Defendants fail to provide an accessible door with level maneuvering clearances. See the 1991 ADA §4.13.6; 2010 ADA §404.2.4; 1968 Ref Std §4.13.6; 2008 Ref. Std §404.2.3; and the 2014 Ref Std § 404.2.3.*

XVI     The toilet room is not accessible.
*Defendants fail to provide accessible toilet facilities. See 1991 ADA § 4.1.3(11); 2010 ADA § 213.1; 1968 BC §27-292.10(b); 2008 BC §1109.2; and 2014 BC § 1109.2.*

XVII   The doorway at the toilet room lacks level maneuvering clearances at the push side of the doorway due to the lavatory (and the size of the toilet room).
*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4;1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XVIII   The toilet room lacks an accessible water closet.
*Defendants fail to provide at least one accessible water closet within accessible toilet and bathing facilities.  See 1991 ADA § 4.23.4; 2010 ADA § 213.3.2;1968 BC §27-292.10(b)*; *2008 BC § 1109.2; and 2014 BC § 1109.2.*

XIX   The water closet in the toilet room is located outside of 16" to 18" from the side wall.
*Defendants fail to provide an accessible standard water closet positioned with the centerline of the water closet 16 inches minimum to 18 inches maximum from the side wall or partition. See 1991 ADA § 4.16.2; 2010 ADA § 604.2; 1968 Ref Std § 4.16.2; 2008 Ref Std § 604.2; and 2014 Ref Std § 604.2.*

XX   The water closet in the toilet room lacks the required clearances.
*Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall.  See 1991 ADA § 4.17.3; 2010 ADA § 604.3.1; 1968 Ref Std § 4.17.3; 2008 Ref Std § 604.3.1 and 604.3.2; and 2014 Ref Std §§ 604.3.1 and 604.3.2.*

XXI   The water closet in the toilet room lacks a toilet paper dispenser in the correct location.
*Defendants fail to provide an accessible water closet with a toilet paper dispenser that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 ADA § 604.7; and 2008 Ref Std § 604.7.*

XXII   The water closet in the toilet room lacks compliant grab bars.
*Defendants fail to provide an accessible water closet with a side wall grab bar that is 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. See 1991 ADA § 4.16.4; 2010 ADA §604.5.1; 1968 Ref Std § 4.16.4; 2008 Ref Std § 604.5.1; and 2014 Ref Std § 604.5.1.*

*Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2008 Ref Std § 604.5.1; and 2014 Ref Std § 604.5.1.*

*Defendants fail to provide an accessible water closet with a rear wall grab bar that is 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on*

*the other side. See 1991 ADA §4.16.4; 2010 ADA §604.5.2; 1968 Ref Std § 4.16.4; 2008 Ref Std § 604.5.2; and 2014 Ref Std §604.5.2.*

XXIII   The toilet room lacks an accessible lavatory.
*Defendants fail to provide at least one accessible lavatory within accessible toilet and bathing facilities. See 1991 ADA § 4.23.6; 2010 ADA § 213.3.4; 1968 BC § 27-292.12; 2008 BC § 1109.2; and 2014 BC § 1109.2.*

XXIV   The lavatory in the toilet room lacks protected hot water and drain pipes.
*Defendants fail to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 ADA § 4.19.4; 2010 ADA § 606.5; 1968 Ref Std § 4.19.4; 2008 Ref Std § 606.6; and 2014 Ref Std § 606.6.*

XXV   The toilet room lacks an accessible mirror.
*Defendants fail to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 ADA § 4.23.6; 2010 ADA § 213.3.5; 1968 BC § 4.19.6; 2008 BC § 603.3; and 2014 BC § 603.3.*

XXVI   There is no accessible seating at any of the dining areas.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XXVII The IHOP public entrance is also a public exit, and it is not accessible as described above.
*Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC § 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

22.     Upon information and belief, a full inspection of the IHOP premises will reveal the existence of other barriers to access.

23.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the IHOP premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

24.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

25.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

26.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the IHOP premises continue to exist and deter Plaintiff.

27.     Plaintiff frequently travels to the area where the IHOP premises is located.

28.     Plaintiff intends to patronize the IHOP premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

29.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the IHOP premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

30.     Plaintiff intends to patronize the IHOP premises several times a year as "tester" to monitor, ensure, and determine whether the IHOP premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

32.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

33.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

34.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

35.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

36.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

37.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991

Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

38.     The IHOP premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

39.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

40.     The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

41.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

42.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

43.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

44.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

45.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

46.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

47.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

48.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

49.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

50.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

51.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

52.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

53.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

54.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

55.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

56.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

57.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

58.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

59.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

60.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

61.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

62.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

63.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

64.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

65.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

66.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

67.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Areless Realty, LLC continuously controlled, managed, and operated the public sidewalk abutting 4340 Boston Post Road, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

68.     Areless Realty, LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

69.     Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

70.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

71.     Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

72.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

73.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

74.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

75.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

76.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

77.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

78.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

79.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

80.     Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

81.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

82.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

83.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

84.     Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

85.     Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring

the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants'

policies, practices, and procedures;

B.   Issue a permanent injunction ordering **Defendants to close and cease all**

**business** until Defendants remove all violations of the ADA, the 1991 Standards or the

2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the

violations set forth above;

C.   Retain jurisdiction over the Defendants until the Court is satisfied that the

Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants'

violations of the NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the

Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the

law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the NYCHRL;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: April 1, 2022
          New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:_____/s_____
    Robert G. Hanski, Esq.
    Attorneys for Plaintiff
    40 Worth Street, Suite 602
    New York, New York 10013
    Telephone: (212) 248-7400
    Facsimile: (212) 248-5600
    Email: rgh@parkerhanski.com